Case 4:15-cv-03257   Document 7   Filed in TXSD on 11/05/15   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
November 06, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LOWELL QUINCY GREEN, TDCJ #518622, § § § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-15-3257 |
| § | |
| WILLIAM STEPHENS and RESSIE OWENS, § § § | |
| Defendants. § | |

## ORDER OF DISMISSAL

Plaintiff Lowell Quincy Green (TDCJ #518622) is an inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"). Plaintiff has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against defendants William Stephens, the Director of TDCJ-CID, and Ressie Owens, the Chairperson of the Texas Department of Paroles. He has also requested to proceed *in forma pauperis* and attached a copy of his prisoner trust fund account. (Docket Entry No. 3). After reviewing the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be dismissed for the reasons that follow.

**I.    Background**

Plaintiff is currently serving a life sentence at the Coffield Unit as the result of a conviction in McClennan County, Waco, Texas for aggravated robbery with a deadly weapon. (Docket Entry No. 1). Plaintiff challenges the calculation of his parole eligibility date because he contends that neither the jury nor the trial judge made an affirmative finding on the issue of whether he used or exhibited a deadly weapon. *Id*. at 2-5. Plaintiff maintains that the defendants have unlawfully engaged in an "unauthorized punishment scheme" that violated his due process

and due course of law rights. *Id*. at 6. He also alleges that defendants' actions amount to malicious prosecution and that it is cruel and unusual punishment to impose a punishment that the Legislature did not intend. *Id*. at 6-8.

Plaintiff seeks a declaration that defendants' acts in calculating his parole eligibility date violated plaintiff's rights under the Constitution and compensatory damages unauthorized deprivation of liberty interest, violations of due process, and malicious prosecution. *Id*. at 13.

## II.     Standard of Review

Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act (PLRA), which requires a district court to scrutinize claims in a civil action brought *in forma pauperis* by a prisoner and dismiss the complaint, in whole or in part, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these reasons "at any time" "on its own motion or on the motion of a party" where the plaintiff proceeds *in forma pauperis*. 42 U.S.C. § 1997e(c); 28 U.S.C. §1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").

Pleadings filed by *pro se* litigants must be construed under a less stringent standard of review. *See Haines v. Kerner,* 404 U.S. 519 (1972). Under this standard, a court liberally construes a *pro se* litigant's complaint. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Plaintiff's claims for monetary damages and equitable relief are barred under the Supreme Court's holding in *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994). *Heck* bars any cause of action under § 1983, regardless of the type of relief sought, that would necessarily imply the invalidity of the plaintiff's conviction or sentence, unless the conviction has previously been invalidated through proper channels. *Id.; Kutzner v. Montgomery County,* 303 F.3d 339, 340 (5th Cir. 2002). Thus, before a plaintiff can pursue a claim for damages arising from allegedly unlawful actions which, if proven, would also show the plaintiff's conviction or sentence to be invalid, the plaintiff must first show that his conviction or sentence has been reversed on appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.*

Here, Plaintiff's claims are inextricably linked to the legality of his present sentence and confinement. The gravamen of Plaintiff's complaint is that the TDCJ-CID and Parole Board calculated his parole eligibility date incorrectly because the judgment allegedly did not make an express finding that he used a deadly weapon in the robbery. Thus, it is apparent that a judgment favorable to Plaintiff on his present civil rights claims would necessarily imply the invalidity of his conviction and sentence. Plaintiff does not allege and has not otherwise shown that his conviction has already been overturned or invalidated through proper channels, and therefore his present civil rights claims are barred by *Heck*.[1]

---

[1] The Court declines to recharacterize the case as a habeas corpus proceeding because Green has at least one pending habeas petition asserting many of the same claims as he has articulated here. *See, e.g.,*

### IV. Conclusion and Order

Based on the foregoing, the Court **ORDERS** that:

1. Plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C.§1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

2. All pending motions in this case, if any, are **DENIED**.

The Clerk is directed to provide a copy of this order to Plaintiff. The Clerk will also send a copy by regular mail, facsimile transmission, or e-mail to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three–Strikes List.

SIGNED at Houston, Texas, this 5th day of November, 2015.

*[signature]*
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

*Green v. Stephens*, Civil No. 6:15-00285-WSS (W.D. Tex. Oct. 2, 2015) (Smith, J.).